UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS LLC; COTILLION MUSIC, INC.; ORELLIA PUBLISHING; THE BERNARD EDWARDS COMPANY LLC; WIDE GROOVES MUSIC; GLIRO MUSIC INC., c/o 7 World Trade Center 250 Greenwich Street New York, NY 10007<br><br>              Plaintiffs,<br><br>      v.<br><br>PEABODY HEIGHTS BREWERY LLC d/b/a PEABODY HEIGHTS BREWERY<br>SERVE:  Richard O'Keefe<br>            401 E. 30th Street<br>            Baltimore, MD 21218<br><br> and<br><br>RICHARD O'KEEFE, Individually<br>401 E. 30th Street<br>Baltimore, MD 21218<br><br>and<br><br>EDDIE O'KEEFE, Individually<br>401 E. 30th Street<br>Baltimore, MD 21218<br><br>and<br><br>JAMES L. ROUSE, Individually<br>401 E. 30th Street<br>Baltimore, MD 21218,<br><br>              Defendants. | CIVIL ACTION NO.:<br><br>**COMPLAINT** |

COMPLAINT

Plaintiffs, Broadcast Music, Inc., et al ("BMI"), by their attorneys, Marie Ignozzi, Stacey Torres, and RKW, LLC, file this Complaint against Defendants for copyright infringement and allege as follows:

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101, *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.

4. BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

5. Plaintiffs, other than BMI, are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

6. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Cotillion Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Orellia Publishing is a sole proprietorship owned by Lee J. Frazier. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff The Bernard Edwards Company LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Wide Grooves Music is a sole proprietorship owned by Ishmael Butler. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Gliro Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Defendant Peabody Heights Brewery, LLC ("Peabody Heights") is a limited liability company organized and existing under the laws of the State of Maryland, which operates, maintains, and controls an establishment known as Peabody Heights Brewery, located at 401 East 30th Street, Baltimore, Maryland 21218, in Baltimore City (the "Establishment").

13. In connection with the operation of the Establishment, Defendant Peabody Heights publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant Peabody Heights has a direct financial interest in the Establishment.

15. Defendant Richard O'Keefe is a member of Peabody Heights where he regularly engages in a vocation or carries on a business, and has a direct financial interest in the limited liability company and the Establishment.

16. Upon information and belief, Richard O'Keefe has responsibility for the operation and management of Peabody Heights and the Establishment, and the right and ability to supervise Peabody Heights' and the Establishment's activities.

17. Defendant Eddie O'Keefe is a member of Peabody Heights where he regularly engages in a vocation and carries on a business, and has a direct financial interest in the limited liability company and the Establishment.

18. Upon information and belief, Defendant Eddie O'Keefe has the right and ability to supervise the Peabody Heights' and the Establishment's activities and has responsibility for the operation and management of the limited liability company and the Establishment.

19. Defendant James L. Rouse is a member of Peabody Heights where he carries on a vocation and a business, and has a direct financial interest in that limited liability company and the Establishment.

20. Defendant James L. Rouse has the responsibility for the operation and management of Peabody Heights and the Establishment and has the right and ability to supervise their activities.

## CLAIMS OF COPYRIGHT INFRINGEMENT

21. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 20 as if restated herein.

22. Since August 2022, BMI has reached out to Defendants over eighty (80) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices,

providing Defendants with formal notice that they must immediately cease and desist from all use of BMI-licensed music in the Establishment.

23. Defendants have engaged in at least four (4) instances of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

24. Annexed to this Complaint as Exhibit 1, adopted and incorporated by reference herein, is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants (the "Schedule"). The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

25. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

26. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was, and still is, the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

28. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.

29. Defendants have committed copyright infringement.

30. The specific acts of copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.

31. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: June 18, 2024

**RKW LAW GROUP**

*/s/ Marie J. Ignozzi*
_____
Marie J. Ignozzi (Bar # 29762)
Stacey Torres (Bar # 30944)
RKW, LLC
10075 Red Run Blvd., 4th Floor
Owings Mills, MD  21117
(443) 379-8992
mignozzi@rkwlawgroup.com
storres@rkwlawgroup.com
*Attorneys for Plaintiffs*